9714

ZEMURRAY v. MENOS.

(92 S. E. 1039.)

CONTRACTS—CONSTRUCTION—QUESTIONS FOR JURY.—The general rule is that it is the province of the Court to construe written instruments; but where the effect of the instrument depends not merely on its construction and meaning, but upon collateral facts and extrinsic circumstances, the inference of fact to be drawn from the paper must be left to the jury.

Before WILSON, J., Anderson, December, 1916. Reversed.

Action by S. Zemurray against J. K. Menos. From an order of nonsuit, plaintiff appeals. .

*Messrs. Bonham, Watkins & Allen,* for appellant, cite: *As to construction of contract:* 78 S. C. 5; 89 S. C. 80. *Question of law:* 67 S. C. 34; 93 S. C. 537.

*Mr. S. M. Wolfe,* for respondent, cites: *As to offer and acceptance:* 9 Cyc. 246, 256, 258; 26 S. C. 258 and 610; 2 DeS. 389; 9 S. E. 689. *Burden of proof:* 9 Cyc. 757, 741. *Acceptance after inspection:* 67 S. E. 738; 69 S. E. 881; 58 S. E. 806.

*Mr. A. H. Dagnall,* also for respondent.

June 29, 1917.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action to collect the price for a carload of bananas shipped by plaintiff to the defendant, and alleged by the plaintiff to have been purchased by the defendant on September 2, 1915. The defendant by his answer pleaded a general denial, a breach of warranty, and failure of consideration, a noncompliance on the plaintiff's part with the terms of the order if there was any order and nonacceptance, rescission, and disclaimer of any responsibility on the part of defendant.

The cause was tried before Judge Wilson, and a jury, at the Fall term of Court, 1916, for Anderson county, and at the close of plaintiff's testimony a motion for a nonsuit was made by the defendant, which motion was granted by his Honor. From the order of nonsuit plaintiff appealed, and

by three exceptions alleges error and seeks reversal. These exceptions raise the questions: Was there a contract between the parties? and, if so, should the question of contract or no contract be answered by the Court or by the jury? The evidence in the case shows that the whole transaction between the parties was negotiated by telegraph, and it also discloses that the relation of seller and purchaser had existed between the parties for at least three years. We are of the opinion that taking the three telegrams and construing them together that there was sufficient evidence to go to the jury for them to determine whether there was a contract by which plaintiff agreed to sell and defendant agreed to buy the bananas in question, and his Honor was in error in granting the nonsuit. Taking the three telegrams and the evidence of prior relations of the parties with their dealings with each other and the subsequent actions of the parties adduces some evidence for the jury to determine whether there was a contract and whether there was a meeting of their minds in the negotiations between them that culminated in a complete contract between them.

The evidence in the case is susceptible of more than one inference. The telegrams in the case are not the only evidence in the case, but there are other facts and circumstances in the case that should be taken in connection with the telegrams. "The general rule is that it is the province of the Court to construe written instruments; but it is equally well settled that where the effect of the instrument depends not merely on its construction and meaning, but upon collateral facts and extrinsic circumstances, the inference of fact to be drawn from the paper must be left to the jury." *West* v. *Smith,* 101 U. S. 263, 25 L. Ed. 809, quoted with approval in *Watson* v. *Paschall,* 93 S. C. 537, 77 S. E. 291.

Exceptions sustained. Order appealed from reversed.